IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**JACQUELINE ROSENBLOOM,**

    **Plaintiff,**

v.                                            CASE NO. 3:13-cv-160-RS-CJK

**DAVID MORGAN in his official capacity as
ESCAMBIA COUNTY SHERIFF; and
SHERIFF'S DEPUTIES, JEREMY CASSADY,
SAM PARKER, CHAD BROWN and MELONY
PETERSON,**

    **Defendants.**

_____/

## **ORDER**

Before me are Defendants' Motion for Judgment on the Pleadings (Doc. 140), and Plaintiff's Response in Opposition to Defendants' Motion for Judgment on the Pleadings (Doc. 145).

Under Fed.R.Civ.P. 12(c), a party may move for judgment on the pleadings after the pleadings are closed but early enough not to delay trial. Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Douglas Asphalt Co. v. Oore, Inc.,* 541 F.3d 1269 (11th Cir.2008) (citing *Cannon v. City of West Palm Beach,* 250 F.3d 1299, 1301 (11th Cir.2001)). The facts as alleged in the complaint are accepted as true and viewed in the light most favorable to the non-moving

party. *Id.* Judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts. *Horsley v. Rivera,* 292 F.3d 695,700 (11th Cir.2002) (citing *Hawthorne v. Mac Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir.1998)).

In Defendants' motion (Doc. 140), Defendants argue that Defendant Morgan, in his official capacity, is entitled to judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because the Defendant Deputies are entitled to qualified immunity. However, qualified immunity does not shield an official sued in his or her official capacity. *See Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (Nov. 10, 2014); *Brandon v. Holt*, 469 U.S. 464, 472 (1985); *Kentucky v. Graham*, 473 U.S. 159, 166-167 (1985); *Mitchell v. Forsyth*, 471 U.S. 511, 556 n.10 (1985); *Owen v. City of Independence*, 445 U.S. 622, 638 (1980); *Lundgren v. McDaniel*, 814 So. 2d 600, 604 (11th Cir. 1987).

In the August 13, 2013, Order dismissing the federal claims against the Defendant Deputies, I found that although Plaintiff had sufficiently alleged facts that she was unreasonably seized and that the Defendants' actions shocked the conscience, Defendant Deputies were entitled to qualified immunity. For a plaintiff to successfully plead a § 1983 claim against an official or governmental entity under a *Monell* claim, the plaintiff need only plead that the official or entity "under color of some official policy, 'causes' an employee to violate another[] [person's]

constitutional rights." *Monell v. Dept. of Social Services of New York City*, 436 U.S. 658, 692 (1978). Plaintiff has sufficiently pled that her constitutional rights were violated. Therefore, judgment on the pleadings is inappropriate in this case.

Because the qualified immunity defense is not available to Morgan in his official capacity, allegations of a constitutional rights violation, not clear violations, are sufficient to proceed against him. Accordingly, the relief requested in Defendants' Motion for Judgment on the Pleadings (Doc. 140) is **DENIED**.

**ORDERED** on December 12, 2014.

>  **/s/ Richard Smoak**
>  **RICHARD SMOAK**
>  **UNITED STATES DISTRICT JUDGE**