IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACQUELINE ROSENBLOOM,

    Plaintiff,

v.                                          CASE NO. 3:13-cv-160-RS-CJK

DAVID MORGAN in his official capacity as
ESCAMBIA COUNTY SHERIFF; and
SHERIFF'S DEPUTIES, J.C., S.P., and M.P.,

    Defendants.
_____/

## ORDER

Before me is the Defendants' Combined First Motion in Limine and Motion to Strike Testimony Filed in Opposition to Summary Judgment. Doc. 166. I have previously held that Defendants' motion is denied as it requested that I strike Chief Lewis Battle's testimony from Plaintiff's response in opposition to Defendants' summary judgment motion. Doc. 176. Therefore, before me is Defendants' motion in limine that I exclude Plaintiff's expert, Chief Lewis Battle, from testifying at trial. Doc. 166. Defendants argue,

> "Battle does not have the credentials that would allow him to testify that a particular shoot/don't shoot scenario would have a known outcome, he did not employ any sufficiently vigorous scientific method to make his opinion anything other than hazarded guesses, and may not properly assert, regardless of credentials and method, that any acts were 'reckless', presented an 'unreasonable risk', or that any person 'knew' they would strike the hostage or that any outcome of a decision to deploy a firearm was 'substantially or virtually certain.'"

*Id*.

The Eleventh Circuit has found that in determining the admissibility of a expert testimony under Rule 702, I must conduct "a rigorous three-part inquiry." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005). First, I must consider whether "the expert is qualified to testify competently regarding the matters he intends to address[.]" *Id.* Second, whether "the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*[.]"*Id.* Finally, whether "the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Id.* Plaintiff has the burden of laying the proper foundation for the admission of Mr. Battle's expert testimony. *See id.* Plaintiff "must demonstrate that the witness is qualified to testify competently, that his opinions are based on sound methodology, and that his testimony will be helpful to the trier of fact." *Id.*

Chief Louis Battle's expert opinion is that when the Defendant Deputies discharged their firearms, they were substantially certain to hit the hostage/plaintiff.  Doc. 173. Defendants first argue that Chief Battle is not qualified as an expert to render this opinion because he is not a "ballistics or human factors expert." Doc. 166. Rule 702 of the Federal Rules of Evidence provides that a person may qualify as an expert based upon knowledge, skill, experience, training or education. Fed. R. Evid. 702.

As evidenced by Chief Battle's curriculm vitae, Chief Battle has 35 years of demonstrable training and hands-on experience with firearms and shooting them at a range and in real-world situations while working in the military and law enforcement.

During his career, he has worked, trained, and qualified with numerous types of firearms. Additionally, he has instructed and designed numerous firearms classes for law enforcement officers. Moreover, during deposition Chief Battle testified that he has been involved in hundreds of hostage situations, and has discharged his firearm in the course of his employment. Based on his credentials, deposition testimony, and affidavit, I find that Chief Battle is qualified pursuant to Rule 702 to render an opinion on whether the Defendant Deputies were substantially certain to hit hostage/plaintiff when they discharged their firearms.

Next, Defendants argue that Chief Battle's expert opinion is unreliable and will not assist the jury. In rendering his opinion, Chief Battle used his training and experience to evaluate the facts and circumstances of the case. Further, his testimony about firearms and hostage situation shootings is beyond the understanding of the average layperson. Therefore, his testimony will be helpful to the jury.

Accordingly, the relief requested in the Defendants' Combined First Motion in Limine and Motion to Strike Testimony Filed in Opposition to Summary Judgment (Doc. 166) is **DENIED**.

**ORDERED** on January 30, 2015.

/s/ Richard Smoak
RICHARD SMOAK
UNITED STATES DISTRICT JUDGE